UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL M.,<br>           Plaintiff,<br>v.<br>KILOLO KIJAKAZI,<br>           Defendant. | Case No. 20-cv-06642-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 25, 26 |

Plaintiff Karl M. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied his application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 25.] The Commissioner cross-moves to affirm. [Docket No. 26.] For the reasons stated below, the court grants Plaintiff's motion in part, denies the Commissioner's motion, and remands this matter for further proceedings.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits on May 17, 2018, alleging disability beginning November 15, 2017. Administrative Record ("A.R.") 162-68. The application was initially denied on August 29, 2018 and again on reconsideration on October 26, 2018. A.R. 88-93, 95-100. An Administrative Law Judge ("ALJ") held a hearing on June 12, 2019 and issued an unfavorable decision on September 25, 2019. A.R. 10-25. The ALJ determined that Plaintiff has degenerative joint disease of the shoulders with symptoms of impingement and that it is a severe impairment. A.R. 15. The ALJ also found that Plaintiff retains the following residual functional capacity ("RFC"):

> [T]o perform medium work as defined in 20 CFR [§] 404.1567(c) except the claimant can occasionally climb ladders, ropes or scaffolds. The claimant can occasionally reach overhead bilaterally

and can occasionally push-pull bilaterally using the upper extremities. A.R. 17. Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could perform other jobs existing in the economy, including kitchen helper and hand packager, the ALJ concluded that Plaintiff is not disabled. A.R. 20-21.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g).

## II.   ISSUES FOR REVIEW

1. Whether the ALJ erred in assessing Plaintiff's credibility; and

2. Whether the ALJ's step-five finding is supported by substantial evidence.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## IV. DISCUSSION

The court first addresses Plaintiff's argument that the ALJ erred in determining that he was not fully credible.

### A. Legal Standard

In general, credibility determinations are the province of the ALJ. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) (citations omitted). An ALJ is not "required to believe every allegation of disabling pain" or other nonexertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (citing 42 U.S.C. § 423(d)(5)(A)). However, if an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), and the ALJ's credibility determination "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "must specifically identify what testimony is credible and what evidence undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281 (citations omitted). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces

3

medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of" the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) (citation omitted). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (rejecting Commissioner's challenge to "specific, clear, and convincing" legal standard for rejecting claimant's testimony in the absence of malingering).

### B.     Analysis

Plaintiff testified that he worked as a school custodian for 36 years until he retired in November 2017. During his employment, he was placed on light duty in connection with a workers' compensation claim. Plaintiff's doctor eventually returned him to full duty, and he testified that he was able to "last on full duty" for three years. He testified that after three years of regular duty, he woke up one morning and was unable to move his shoulders or his arms and decided to retire. A.R. 40-41, 46. As part of his job duties, Plaintiff had been responsible for lifting garbage cans that weighed about 30 pounds, five times per day every day. Plaintiff testified that by the time he retired, he could no longer lift the cans and had numbness from his shoulders to his fingers on both sides. A.R. 32-34. He was also unable to use a weed eater as he could not "pull the string" or hold it for more than two-three minutes without dropping it. *Id*. at 34-35.

Plaintiff testified that if he tries to lift groceries, his weight limit is one gallon of milk. If he tries to hold anything heavier than that, he drops it. A.R. 35-36. Plaintiff testified that he "can lift about five pounds now" and "can't hold nothing too long." A.R. 43. While driving or parking, he experiences pain from his neck down to his right shoulder and testified that his shoulders "pop," limiting his mobility. A.R. 36-37. Plaintiff testified that he is not taking any pain medications because "workers' comp cut [him] off" after he settled his claim. A.R. 38.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

4

medical evidence and other evidence in the record for the reasons explained in this decision." A.R. 18. The ALJ did not conclude that Plaintiff was a malingerer. Accordingly, she was required to provide "specific, clear and convincing" reasons for rejecting his testimony. *Burrell*, 775 F.3d at 1136. The sole reason the ALJ gave for discounting his testimony, however, was the statement set forth above that Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *See* A.R. 18. The decision contains the ALJ's discussion of the medical evidence, which she noted was "incredibly sparse at significantly less than 100 pages."[1] However, the ALJ did not connect any specific testimony by Plaintiff to the evidence or identify which testimony by Plaintiff she found not credible and why. This is insufficient, because an ALJ may not "reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain" and must "specifically make findings" supporting the conclusion that a claimant's allegations of severity are not credible. *Bunnell*, 947 F.2d at 345.

    The Commissioner does not dispute the applicability of the "clear and convincing" standard of review and acknowledges that "lack of medical evidence cannot form the sole basis for discounting testimony." Opp'n 7. Instead, she highlights "objective medical evidence" that she claims supports the ALJ's credibility determination. *Id*. The Commissioner also offers other reasons why Plaintiff was not credible, including a purported "lack of consistent treatment." *Id*. at 7-8. Ninth Circuit authority prevents the court from considering these reasons because none of them were identified by the ALJ as the basis for rejecting Plaintiff testimony. "[T]he credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, [w]e are constrained to *review* the reasons the *ALJ* asserts." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (cleaned up) (quoting *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). In this case, where the ALJ "failed to identify the testimony she found not credible" and thus failed to "link that testimony to the particular parts of the record supporting her non-credibility determination," she committed legal error in discounting Plaintiff's credibility. *See*

---

[1] The ALJ noted that Plaintiff had a worker's compensation claim but that his representative "stated they had not been able to obtain the records" related to the claim. A.R. 18.

*Brown-Hunter*, 806 F.3d at 494.

The court remands this case for the ALJ to reassess Plaintiff's testimony. Because the ALJ's reassessment of Plaintiff's testimony may impact her determination of his RFC and her finding at step five that Plaintiff can perform other work, including kitchen helper and hand packager, the court does not reach Plaintiff's arguments that the medical evidence does not support the ALJ's RFC finding and that the VE's testimony conflicted with the Dictionary of Occupational Titles. *See* Pl.'s Mot. 7-12.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part, as the court did not reach all of the arguments in his motion. Defendant's motion for summary judgment is denied. This matter is remanded for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: March 24, 2022



Donna M. Ryu
United States Magistrate Judge